

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable O. E. Gerron
County Attorney
Ector County
Odessa, Texas

Dear Sir:

Opinion No. O-1954
Re: Is the brother-in-law of
a county commissioner in-
eligible to hold the posi-
tion of deputy in the
sheriff-tax assessor and
collector's office?

Your request for opinion upon the above stated
question has been received and carefully considered by
this department.

Article 432 of the Penal Code of Texas reads
as follows:

"No officer of this State or any
officer of any district, county, city
precinct, school district, or other mun-
icipal subdivision of this State, or any
officer or member of any State, district,
county, city, school district or other
municipal board, or judge of any court,
created by or under authority of any gen-
eral or special law of this State, or any
member of the Legislature, shall appoint,
or vote for, or confirm the appointment
to any office, position, clerkship, em-
ployment or duty, of any person related
within the second degree by affinity or
within the third degree by consanguinity
to the person so appointing or so voting,
or to any other member of any such board,

the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever."

Article 3902, Revised Civil Statutes of Texas, provides the means by which a district, county or precinct officer may obtain the services of deputies and the pertinent parts thereof are as follows:

"Whenever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties he shall apply to the County Commissioners' Court of his county for authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts from fees, commissions and compensation to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said court shall make its order authorizing the appointment of such deputies, assistants and clerks and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy, assistant or clerk in any office. Upon the entry of such order the officers applying for such assistants, deputies or clerks shall be authorized to appoint them; provided that said compensation shall not exceed the maximum amount hereinafter set out. The compensation which

> may be allowed to the deputies, assistants
> or clerks above named for their services
> shall be a reasonable one, not to exceed
> the following amounts: . . ."

Under the provisions of Article 3902, supra,
the county officer desiring deputies, makes the appli-
cation outlined in said article to the commissioners'
court for the authority to appoint such deputies. The
commissioners' court grants the authority to appoint
the officer and sets the salary before the appointment
is made. The commissioners' court has no authority to
attempt to designate whom the officer shall appoint
and is specifically forbidden to do so by this article.
The commissioners' court does not confirm the appointee.

On February 9, 1932, this department held,
in an opinion by Honorable R. G. Waters, Assistant
Attorney General, that it was not a violation of the
nepotism law for a tax collector to appoint as his
assistant or deputy a son of a county commissioner
after the commissioners' court had authorized the
appointment of such deputy in accordance with Article
3902, Revised Civil Statutes of Texas.

On March 2, 1935, this department held in an
opinion by Honorable C. M. Kennedy, Assistant Attorney
General, that a deputy sheriff who is a first cousin
of one of the members of the commissioners' court would
not be prohibited from serving as such nor did his ap-
pointment by the sheriff violate the terms of Article
432, Penal Code of Texas, nor the allowance of his
salary by the commissioners' court constitute a viola-
tion of such nepotism law because the commissioners'
court did not appoint or vote for or confirm the ap-
pointment of such deputy sheriff.

On December 29, 1936, this department held in
an opinion by Honorable William McCraw, Attorney General
of Texas, that the appointment of an uncle of one of
the members of the commissioners' court as assistant
district attorney was not a violation of the nepotism
law of the State of Texas.

Opinion No. 0-480 of this department holds that it is not a violation of the nepotism law for the district clerk to hire as his deputy a daughter of a county commissioner.

Opinion No. 0-875 of this department holds that it is not a violation of the nepotism law for the district clerk to appoint as his deputy a sister of the acting county judge of the county.

You are therefore respectfully advised that it is the opinion of this department that your question should be answered in the negative and it is so answered.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Wm. J. Fanning_
Wm. J. Fanning
Assistant

WJF:LW

APPROVED FEB 23, 1940

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

APPR
OPIN
COMM
A